Stephen R. Bosin, Esq.
70 Grand Ave.
Suite 200
River Edge, N.J. 07661
(201)342.4117
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____X

**THEA ZANFABRO**  Civil Action No. 09 CV 10043 (LTS)

    **Plaintiff**      **Complaint**

    v.

**GLOBAL INTERNATIONAL
SERVICES, LLC**

    **Defendant**

_____X

Plaintiff, Thea Zanfabro, residing at 529 Studio Road, Ridgefield, Bergen County, New Jersey, by way of her Complaint against Defendant says:

1. This court has jurisdiction of the claims set forth herein under the provision of the Employee Retirement Security Act of 1974, as amended ("ERISA") and specifically ERISA §502(a)(1)(B) and 502(e)(1), 29 U.S.C. § 1132(a)(B) and (e)(1).

2. The Oxford Health Care Plan (the "Plan") is an employee welfare benefit plan within the meaning of ERISA § 3(1) 29 U.S.C. §1002(3) and can sue or be sued in its own name and right under ERISA § 502(d) 29 U.S.C. 1132§(d).

3. Global International Services, LLC ("Global") is the sponsor of the Plan, and is responsible for the payment of premiums under the Plan.

4. Global is a limited liability company formed under the laws of the State of Delaware with offices at 80 Broad Street, New York, New York.

5. Friedman Schnaier & Associates, LLC ("FS&A") is engaged in the securities business. FS&A is owed in part by Harry Friedman. FS&A and Harry Friedman each own a 50 per cent interest in Global.

6. Until her termination, Plaintiff had been employed by FS&A as an Administrative Assistant, and had been provided health insurance benefits by Global.

7. On information and belief under a certain group contract, the contract holder, Global, is responsible to provide any notice required to be provided to Plaintiff in accordance with ERISA § 606, 29 U.S.C. §1166 (hereinafter called the "COBRA Notice").

**COUNT ONE**

8. By Addition/Termination/Change Form, a copy of which is annexed hereto as Exhibit A, Plaintiff was informed by Global that a "Qualifying Event" had occurred being the termination of her employment, and that her COBRA coverage would become effective on June 1, 2008.

9. Plaintiff was eligible to continue health insurance coverage under the Plan in accordance with provisions of the federal law popularly known as COBRA, and as set forth at ERISA § 601-609, 29 U.S.C. §1161-1169.

10. On June 9, 10, 11, and 12, 2008 Plaintiff contacted FS&A and Global to request receipt of her COBRA Notice which would have allowed her to elect to continue health insurance coverage for herself and her family. When she made such inquiry, each call was immediately terminated.

11. Global has refused to provide said COBRA Notice in retaliation for Plaintiff having reported FS&A's activities to the New Jersey Bureau of Securities.

12. Global's actions in failing to provide a COBRA Notice were deliberate and willful, and in bad faith.

13. Global has violated ERISA §606(a)(4) 29 U.S.C. §1166(a)(4) by failing to provide Plaintiff with a timely notice of eligibility for COBRA benefits.

14. ERISA §502(c)(1), 29 U.S.C. §1132 provides for a payment to Plaintiff in the amount of $110 per day for each day that the COBRA notice is late.

15. The aforesaid COBRA Notice was to have been provided within 45 days of the termination of Plaintiff's employment which would have required receipt by Plaintiff of the COBRA Notice on or before July 15, 2008. As of December 4, 2009, 507 days have passed without said Notice having been received resulting in a penalty to date of $55,770.

**NOW THEREFORE** Plaintiff seeks judgment in the amount of $110 a day for each day Defendant fails to provide Plaintiff with a COBRA Notice from July 15, 2008 until December 31, 2009 together with attorney's fees, interest, and cost of suit, and such other relief as this Court deems just and proper.

## COUNT TWO

16. Plaintiff repeats the allegations of paragraphs 1. through 15. with the same force and effect as if stated herein at length.

17. Since Plaintiff's employment has been terminated she and her family have incurred medical expense which to date total $12,923. These expenses would have been covered in whole or in part under the terms of the Oxford Health Insurance Plan provided by her

employer if Defendant had provide the aforesaid COBRA Notice as required by ERISA § 606 (a)(4), 29 U.S.C. §1166 (a)(4).

18. The failure to provide said COBRA Notice has resulted in a loss of an ERISA covered employee welfare benefit.

19. Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. §1132 (a)(1)(B) Plaintiff seeks compensation from Defendant for all medical expenses incurred and payable under said Plan from June 1, 2008 to December 31, 2009.

**NOW THEREFORE** Plaintiff seeks judgment against Defendant for the payment of all medical expenses incurred from June 1, 2008 to December 31, 2009 as a result of Defendant's failure to provide Plaintiff with a COBRA Notice together with attorney's fees, interest, and cost of suit, and such other relief as this Court deems just and proper.

/s/ Stephen R. Bosin, Esq.
70 Grand Ave.
Suite 200
River Edge, N.J. 07661
(201) 342.4117
Attorney for Plaintiff

Dated: December 4, 2009